**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MARK J. BARNETT, Individually,

Plaintiff,

v. CIVIL ACTION NO. 2:05-cv-00439

COMMTEC/POMEROY COMPUTER RESOURCES, INC.,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's motion to dismiss, or in the alternative, motion for summary judgment. After examining the parties' briefs on the motion, the court heard oral argument on November 7, 2005. Even though the defendant attached an affidavit to its motion, the court can decide this motion by exclusively relying on the pleadings; thus, the court treats the motion as a motion to dismiss. For the reasons explained herein, the court **DENIES** the defendant's motion to dismiss.

*I. Background*

In January 1997, the West Virginia Department of Education solicited bids for the provision of computers in state schools under the SUCCESS contract. The defendant, Commtec/Pomeroy Computer Resources, Inc. (Pomeroy), submitted the successful bid and entered into a contract with the Department of Education on July 8, 1997. The plaintiff, Mark J. Barnett, allegedly worked for Pomeroy on this contract as a cable installer.

Beginning in July 1998, the West Virginia Division of Labor investigated Pomeroy to determine whether it was in compliance with applicable West Virginia law governing state contracts. The Division of Labor found that the West Virginia Prevailing Wage Act applied to Pomeroy's contract with the Department of Education. Specifically, the investigation revealed that a category of Pomeroy's workforce classified as cable pullers were entitled to electricians' wages. Following the investigation, the Division of Labor initiated an administrative proceeding against Pomeroy. On June 14, 2000, the administrative proceeding determined Pomeroy was required to pay its cable pullers the prevailing wage for electricians. Circuit Judge Tod Kaufman of the Circuit Court of Kanawha County affirmed the decision on March 5, 2001, and held that Pomeroy owed the workers $255,859 in unpaid prevailing wages and $255,859 in statutory penalties.

In a second administrative proceeding, an administrative hearing examiner ruled that Pomeroy did not make an honest mistake in failing to pay prevailing wages to the workers. The Commissioner of Labor affirmed this decision on July 22, 2002, and the West Virginia Supreme Court of Appeals denied Pomeroy's petition for appeal on January 15, 2004.

Pomeroy then refused to pay the judgment and the Division of Labor filed a motion to enforce the judgment with Judge Kaufman. Following some questions about the Commissioner of Labor's authority to enforce the judgment, the Division of Labor and Pomeroy entered into a settlement agreement. As a condition of the settlement, the Division of Labor waived the statutory penalty originally assessed by Judge Kaufman. Pursuant to the agreement, Pomeroy offered each worker a sum of money in exchange for a complete release of claims. Although most workers accepted the offer and signed a release, the plantiff did not.

The plaintiff then filed this action in the Circuit Court of Kanawha County against Pomeroy, who removed it to this court based on diversity jurisdiction. The defendant, asserting the plaintiff's claim under the West Virginia Prevailing Wage Act is barred because of the statute of limitations, filed the pending motion to dismiss.

## *II. Motion To Dismiss Standard*

To decide a motion to dismiss, the allegations of the complaint are taken as true and dismissals are allowed "only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). Dismissal is proper only when no set of facts can be proven to support the complaint's allegations. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To make this determination, the court will view the complaint in the light most favorable to the plaintiff. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

## *III. Analysis*

### *A. The Applicable Statute of Limitations*

The West Virginia Prevailing Wage Act is located in Article 5A of Chapter 21 of the West Virginia Code. The law ensures that workers engaged in constructing public improvements receive an hourly wage at least as high as the prevailing hourly wage for similar workers in the same locality where construction is performed. W. Va. Code § 21-5A-2 (2002); *see also Affiliated Constr. Trades Found. v. Univ. of W. Va. Bd. of Trs.*, 557 S.E.2d 863, 873 (W. Va. 2001) (defining the law's purpose as protecting workers from substandard wages). The law explicitly provides a private cause of action for workers who are not paid the prevailing hourly wage. *Id*. § 21-5A-9. Not only can

workers recover the difference between the rate the worker is paid and the posted prevailing wage, but also a statutory penalty equal to the difference, and reasonable attorneys' fees. *Id*. Although the law does not explicitly provide an applicable statute of limitations for this cause of action, the Division of Labor's regulations state the statute of limitations is three years. *See* 42 C.S.R. § 7-3.1(g)(5) (2005) ("The limitation to such civil action by the workman is a period of three (3) years and venue of such action shall be in the county where the work is performed.").

The defendant argues the three-year statute of limitations began to run at the end of 1999, the last time the plaintiff was paid. (Mot. Hr'g Tr. 3:4, Nov. 7, 2005.) According to the defendant, the plaintiff should have known his cause of action arose at that time. (*Id*. 5:19–21.) The court **FINDS** that the statute of limitations began to run from the date the Division of Labor established the prevailing wage, which was in November 1999. Once the plaintiff knew he was not receiving the prevailing wage, all the elements of his statutory cause of action existed, which triggered the running of the statute of limitations. *See Lipscomb v. Tucker County Comm'n*, 475 S.E.2d 84, 90 (W. Va. 1996) (stating that a statute of limitations begins to run when all of a cause of action's elements exist).

The plaintiff, however, contends the statute of limitations was tolled while the Division of Labor was involved. Specifically, the plaintiff believes the statute of limitations should be tolled until the Supreme Court of Appeals denied Pomeroy's petition for appeal.[1] If the statute of limitations is not tolled, the plaintiff's suit is time-barred; if the statute of limitations is tolled, the

[1] The court notes the plaintiff did not advance this tolling argument in the original response to the defendant's motion. The plaintiff first addressed tolling in the November 7 hearing in responses to questions from the court. The arguments the plaintiff set forth in the original response, specifically arguments focused on res judicata principles, were unpersuasive.

plaintiff's suit may proceed. The court **FINDS** that tolling should apply to this case, but not because the Division of Labor's involvement automatically tolls the running of the statute of limitations. Instead, the court **FINDS** the facts of this case require equitable tolling.

*B. The Division of Labor's Involvement*

The Prevailing Wage Act gives the Division of Labor the authority to investigate and determine the prevailing wage in the state's localities "from time to time." W. Va. Code § 21-5A-5(1). To determine the prevailing wage of a certain locality, the Division of Labor may consider the rates contained in applicable collective bargaining agreements and the rates generally paid within the locality where construction is performed. *Id*. The statute contemplates a notice-and-comment period for any objectors to the determined wage to come forward and allows for appeals from the Division of Labor's final determination to the county's Circuit Court. *Id*. § 21-5A-5(2–8). The statute also requires employers to post the applicable prevailing wage once the Division of Labor determines it:

> A clearly legible statement of all fair minimum wage rates to be paid the several classes of skilled laborers, workmen and mechanics employed on the construction of the public improvement shall be kept posted in a prominent and easily accessible place at the site thereof by each contractor and subcontractor subject to the provisions of this article.

*Id*. § 21-5A-7.

In this case, the Division of Labor investigated the wages Pomeroy paid its workers under the contract with the Department of Education. Despite Pomeroy's continual insistence that the state's prevailing wage laws did not apply to the contract, the Division of Labor found the laws applicable, a decision the Circuit Court of Kanawha County and the Supreme Court of Appeals

affirmed. Once the courts ruled against Pomeroy for failing to pay the prevailing wage, the Commissioner of Labor attempted to enforce the judgment on behalf of the workers. The Commissioner of Labor, however, encountered problems in enforcement, which led to the mutual decision to settle the dispute.

According to the defendant, the Commissioner of Labor has no authority to bring the type of action contemplated by the state's Prevailing Wage Act. (Mot. Hr'g Tr. 6:2–5.) Administrative agencies and their executive officers are "creatures of statute and delegates of the Legislature." *Mountaineer Disposal Serv., Inc. v. Dyer*, 197 S.E.2d 111, 111 (W. Va. 1973). Their powers come from the laws enacted by the Legislature. *Id*. Administrative agencies also possess "such powers as are reasonably and necessarily implied in the exercise of its duties in accomplishing the purposes of the act." *State Human Rights Comm'n v. Pauley*, 212 S.E.2d 77, 78 (W. Va. 1975). Although express powers will include any other powers necessary to implement the express powers, "the powers should not be extended by implication beyond what may be necessary for their just and reasonable execution." *Walter v. Ritchie*, 191 S.E.2d 275, 281 (W. Va. 1972). When examining a grant of authority to an administrative agency, a court must assume the Legislature's intent is clear and unmistakable from the language of its laws. *Id*.

The court **FINDS** the Division of Labor had no authority to bring the type of suit contemplated by the West Virginia Prevailing Wage Act. *Accord McDaniel v. W. Va. Div. of Labor*, 591 S.E.2d 277, 286 (W. Va. 2003) (holding that the Division of Labor does not have the authority to award damages for violations of the state's Wage Payment and Collection Act). The Prevailing Wage Act contemplates a cause of action in circuit court only by individual workers. W. Va. Code § 21-5A-9(b). The statute does not explicitly give the Division of Labor the authority to bring any

kind of suit, whether the suit is on behalf of the agency itself or on behalf of individual workers.[2] Moreover, this power cannot be implied from the agency's expressly provided powers, such as the authority to determine the prevailing wage through a notice-and-comment process.

Because the Division of Labor has no authority to bring suit on behalf of individual workers, the court **FINDS** the Division of Labor's involvement in the suit cannot automatically toll the plaintiff's statute of limitations. Once the agency determines the prevailing wage, the agency can inform any affected workers, who then may bring suit on their own behalf as contemplated by the statute.

*C. Equitable Tolling*

Even though the Division of Labor's involvement in the suit does not automatically toll the statute of limitations, the statute of limitations should be equitably tolled in this case. The West Virginia Supreme Court of Appeals has not addressed equitable tolling in the context of this specific statute of limitations, but has applied it to other areas, most notably in employment discrimination cases. *See Ind. Fire Co. No. 1 v. W. Va. Human Rights Comm'n*, 376 S.E.2d 612, 616 (W. Va. 1988) (finding the statute of limitations in the state's Human Rights Act subject to equitable tolling).

When discussing equitable tolling principles, the Supreme Court of Appeals routinely cites to the Ninth Circuit Court of Appeals's examination of the issue. *Id*. at 614. The Ninth Circuit explained that two types of equitable modification of statutes of limitation are generally recognized: equitable tolling and equitable estoppel. *Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir. 1981).

---

[2] West Virginia's Prevailing Wage Act differs from the Davis-Bacon Act, its federal counterpart, by expressly giving individual workers a private cause of action. In the federal act, an employee does not have a right to bring suit. 29 C.F.R. § 5.5(a)(1)(ii)(C) (2005).

Equitable tolling "focuses on the plaintiff's excusable ignorance of the limitations period and on the lack of prejudice to the defendant." *Id*. Although the court made this examination in the context of an employment discrimination case, the same principle is applicable to this case.

The plaintiff's failure to file suit timely was excusable. The Division of Labor's involvement, even though unauthorized by law, led the plaintiff to believe that the agency was pursuing his claim. Naturally, if the agency was pursuing his claim, the plaintiff did not believe he also had to bring his own suit. The defendant suggests the plaintiff should have proceeded with his suit and asked the court to stay the suit pending the outcome of the Division of Labor's proceeding. (Mot. Hr'g Tr. 11:24–25, 12:1–2.) The defendant admits, however, there are no cases on record in which a worker has brought suit and had his action stayed in similar circumstances. (*Id*. 16:25.)

Following the settlement between Pomeroy and the Division of Labor, the West Virginia Attorney General's Office sent the plaintiff a letter explaining the agreement. (*Id*. 24:20–24.) This letter stated that the plaintiff could collect the money owed to him by Pomeroy if he responded by January 5, 2005. (*Id*. 24:22.) This letter did not, however, inform the plaintiff that if he failed to accept the settlement and sign a release of his claims, he would be time-barred from asserting his own suit. (*Id*. 25:4–6.) The plaintiff had no knowledge that his choice was to accept either 1) the money from the settlement or 2) no money at all. Instead, the plaintiff believed he could opt out of the settlement and still pursue his own suit. (*Id*. 24:13–16.)

Fairness and equity dictate that the statute of limitations should not bar the plaintiff's suit. The Division of Labor purported to have the authority to bring suit on the plaintiff's behalf. Naturally, a common citizen would have little reason to question the purported authority of a state agency. The only reason the plaintiff would have gone ahead and filed his own suit is if he believed

the Division of Labor lacked the authority it purported to have. No facts exist suggesting the plaintiff knew, or even should have known, of a reason to question the agency's purported authority. He waited until the Division of Labor's involvement with Pomeroy ended, and then by not accepting the agreement, chose to pursue his claim individually.

Pomeroy is not unduly prejudiced by the application of equitable tolling to this case. This is not a case where the plaintiff had a claim, waited until after a statutory period for filing expired, and then filed it much to the defendant's surprise. Instead, Pomeroy was aware of the plaintiff's claim since 1999, when the Division of Labor established the prevailing wage. Although the plaintiff individually did not pursue the claim, Pomeroy was aware that this plaintiff was one of a number of workers allegedly not paid the prevailing wage. To allow the plaintiff to assert his claim now, even after the running of the statute of limitations, does not prejudice Pomeroy.

Because the lateness of the plaintiff's claim is excusable and the defendant will not be unduly prejudiced by allowing the plaintiff's suit, the court **FINDS** the statute of limitations is equitably tolled. The plaintiff's suit may proceed.

*IV. Conclusion*

Accordingly, the court **DENIES** the defendant's motion to dismiss, or in the alternative, motion for summary judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 15, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE